**Macco & Stern, LLP**
Attorneys for the Movants
135 Pinelawn Road, Suite 120 South
Melville, New York 11747
(631) 549-7900
Michael J. Macco, Esq.

Hearing Date:    **December 8, 2015**
Time:            **10:00 a.m.**

Objections Due: **December 1, 2015**
Time:            **5:00 p.m.**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                          Case No. 15-73752 (AST)

JERRY MARVIN MIMS,                                              Chapter 13

                          Debtor.
-------------------------------------------------------------X

## <u>NOTICE OF HEARING ON MOTION FOR RELIEF FROM THE AUTOMATIC STAY</u>

**PLEASE TAKE NOTICE,** that, by the motion (the "Motion"), dated October 15, 2015,

William and Dalia Krolewicz (collectively, the "Movants"), by and through their counsel, Macco

& Stern, LLP, will move before the Honorable Alan S. Trust, United States Bankruptcy Judge,

Eastern District of New York, at the Courthouse located at 290 Federal Plaza, Central Islip, New

York, Room 960, on **December 8, 2015 at 10:00 a.m.** or as soon thereafter as counsel may be

heard, for an order terminating the automatic stay in order to commence or continue an action to

evict Jerry Marvin Mims (the "Debtor"), the above-referenced debtor, or, alternatively, compel

confirmation of plan curing all arrears owed to the Movants by or before July 2016.

**PLEASE TAKE FURTHER NOTICE,** that objections, if any, to the relief sought in the

Motion must conform to the Bankruptcy Rules and Local Bankruptcy Rules for the Eastern

District of New York, as modified by any administrative orders entered in this case, and be filed

with the Bankruptcy Court electronically in accordance with General Order 461, be registered

users of the Bankruptcy Court's filing system and, by all other parties in interest, on a 3.5 inch

disk, in portable document format (PDF), WordPerfect, Microsoft Word DOS text (ASCII) or a

scanned imaged of the filling, with a hard copy delivered directly to Chambers, and may be

served in accordance with General Order 462, and upon (i) counsel to the Movants, Macco &

Stern, LLP, 135 Pinelawn Road, Suite 120 South, Melville, New York 11747; (ii) the Office of

the United States Trustee, 560 Federal Plaza, Central Islip, New York 11722; (iii) the Debtor and

his counsel; (iv) R. Kenneth Barnard, Esq., the chapter 7 trustee of the Movants' bankruptcy

estate; and (v) Marianne DeRosa, the chapter 13 trustee of the Debtor's bankruptcy estate, so as

to be received no later than **December 1, 2015 at 5:00 p.m.**

Dated: October 15, 2015
      Melville, NY

                              **MACCO & STERN, LLP**
                              Attorneys for the Movants

By: _____
                              Michael J. Macco
                              A Member of the Firm
                              135 Pinelawn Road, Suite 120 South
                              Melville, New York 11747
                              (631) 549-7900

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:                                                                              Case No. 15-73752 (AST)

JERRY MARVIN MIMS,                                              Chapter 13

                                        Debtor.

-----------------------------------------------------------------X

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

William Krolewicz and Dalia Krolewicz (collectively, the "Movants"), by and through their counsel, Macco & Stern, LLP, move this court for an order terminating the automatic stay in order terminating the automatic stay in order to commence or continue an action to evict Jerry Marvin Mims (the "Debtor"), the above-referenced debtor, or, alternatively, compel confirmation of plan curing all arrears owed to the Movants by or before July 2016 and respectfully set forth as follows:

## BACKGROUND

1.      Movants own certain real property located, and known as, 130 Barton Avenue, Patchogue, NY (the "Real Property").

2.      In order to purchase the Real Property, Movants executed a mortgage and note (collectively, the "Mortgage").

3.      Thereafter, Movants retained the Debtor for legal services related to a civil lawsuit commenced by a business owned by the Movants.

4.      At that time, the Debtor requested that the Movants transfer ownership of the Real Property to the Debtor and keep the Mortgage for two or three months while the Debtor's wife cleared up her credit so the Debtor could refinance the Mortgage, in turn relieving the Movants from any liability.

1

5.    During the interim period, the Debtor agreed to pay the Mortgage.

6.    However, the Debtor did not make any Mortgage Payment and did not obtain a new mortgage.

7.    Accordingly, the Movants defaulted under the Mortgage, which they remained liable on.

8.    By order, dated January 11, 2013, the Debtor was suspended from the practice of law by the 2nd Department of the Appellate Division of the State of New York.

9.    In 2013, Movants commenced an action against the Debtor to recover possession of the Real Property in the Supreme Court of the State of New York, County of Suffolk, assigned index number 13466/2013 (the "State Court Action").

10.    Thereafter, the Debtor and the Movants entered into a stipulation settling the State Court Action (the "Rental Stipulation"), dated October 2, 2014, whereby the Debtor: (ii) agreed to pay $2,750 per month, or $1,350 bi-monthly (each, a "Rental Payment") as rent to the Movants in exchange for a lease of the Real Property through and including July 31, 2016 (the "Lease Termination Date"); and (ii) consented to the immediate entry of am judgment of possession (the "Judgment") and warrant of eviction (the "Warrant") as security for payment of the Rental Payments.  A copy of the Rental Stipulation is annexed hereto as **Exhibit A**.

11.    Pursuant to the Rental Stipulation, the Debtor made Rental Payments from October 2014 through March 2015.

12.    On February 17, 2015 (the "Movants' Petition Date"), the Movants jointly filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of New York, assigned case number 15-70596 (REG) (the "Movants' Chapter 7 Case").

2

13.     Thereafter, R. Kenneth Barnard, Esq. (the "Chapter 7 Trustee") was appointed the interim trustee, duly qualified, and became the permanent trustee in the Movants' Chapter 7 Case.

14.     The Debtor did not make the April 2015 Rental Payment, or any other payments thereafter.

15.     Thereafter, Chapter 7 Trustee and Movants entered into a stipulation of settlement (the "Turn Over Stipulation"), dated May 5, 2015, whereby the (1) Movants agreed to turn Chapter 7 Trustee the Rental Payments for April, May, and June 2015 to the Chapter 7 Trustee; and (2) Chapter 7 Trustee agreed to abandon his interest in the March 2015 Rental Payment, as well as any future Rental Payments commencing July 2015.   A copy of the Turn Over Stipulation is annexed hereto as **Exhibit B**.

16.     On September 1, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code.

17.     Thereafter, Marianne Derosa, Esq. (the "Chapter 13 Trustee") was appointed the interim chapter 13 trustee, duly qualified, and became the permanent chapter 13 trustee in the Debtor's case.

18.     The Debtor did not make any Rental Payments to the Movants or to Barnard between the Movants' Petition Date and the Petition Date.

19.     Accordingly, the Debtor owes the Movants: (1) pre-Petition Date Rental Payments for April 2015, May 2015, and June 2015, totaling $8,250.00, which the Movants owe to the Chapter 7 Trustee (the "Barnard Claim"); (2) pre-Petition Date Rental Payments for July 2015, August 2015, and September 2015, totaling $8,250 (the "Arrears"); and (3) post-Petition Date Rental Payments for October 2015 (the "Post-Petition Rent").

3

20.     The Chapter 7 Trustee has authorized the Movants to recover the Barnard Claim on his behalf and turnover the amounts recovered to him in satisfaction of the Barnard Claim.

**JURISDICTION AND VENUE**

21.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157(a) and 1334.   This is a core proceeding pursuant to 28 U.S.C. §§157(b)(2)(G).   Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.   The statutory predicates for relief are 11 U.S.C. §§362(a) and (d) and Rules 4001 and 7062 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**RELIEF REQUESTED**

*__Relief from the Automatic Stay__*

22.     Bankruptcy Code §362 provides that a "petition . . . under [the Bankruptcy Code] . . . operates as a stay, applicable to all entities, of (1) commencement or continuation, . . . of judicial, administrative, or other action or proceeding against the debtor . . . (3) any act to obtain possession of property of the estate or of property of the estate or to exercise control over property of the estate . . . [or] (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case".

23.     Pursuant to Bankruptcy Code §362, as of the Petition Date, all persons were enjoined and stayed from commencing or continuing any suit against the Debtor.

24.     Bankruptcy Code §362(d) permits "relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest."

25.     Although "adequate protection" is not defined, Bankruptcy Code §361 allows a debtor or trustee to provide adequate protection in the form of (1) periodic cash payments; (2) an additional or replacement lien; or (3) the indubitable equivalent of such interest in property.

4

26.     Due to the Debtors default under the Rental Stipulation, the Movants are owed substantial pre and post-Petition Date Rental Payments.

27.     Accordingly, Movants' interest in the Real Property lacks adequate protection, and the Debtor has already failed to make periodic cash payments in the form of the Rental Payments that would have given the Movants such adequate protection.

28.     Pursuant to the Rental Stipulation, the Judgment and Warrant have already been issued and the Movants may recover possession upon fifteen (15) days written notice, which the Movants intend to serve after the approval of this Motion.

29.     Therefore, the Movants intend to either: (1) re-open the State Court Action to enforce the Judgment and Warrant in order to recover possession of the Real Property; or, alternatively, (2) commence a new action to recover possession the Real Property.

### *Compel Payment of Missed Rental Payments*

30.     Under Bankruptcy Code §365, a debtor may assume or reject an unexpired lease.

31.     Where there has been a default in an unexpired lease:

    (1)     [T]he trustee [or debtor-in-possession] may not assume such contract or lease unless, at the time of the assumption of such contract or lease, the trustee [or debtor-in-possession] –

        (A)     cures or provides adequate assurance that the trustee [or debtor-in-possession] will promptly cure such default . . . except that if such default arises from a failure to operate in accordance with a non-residential real property lease, then such default shall be cured by performance at and after the time of assumption in accordance with such lease and pecuniary losses resulting from such default shall be compensated in accordance with the provisions of this paragraph;

        (B)     compensates or provides adequate assurances that the trustee [or debtor-in-possession] will properly compensate a party other than the debtor to such contract or lease, for

        any actual pecuniary loss to such party resulting from the default; and

(C)    provides adequate assurances of future performances under such contract or lease.

Bankruptcy Code §365(b)(1).

32.    The Debtor has not made a Rental Payment since February 2015, prior to the Movants' Petition Date.

33.    Accordingly, the Debtor is in default under the Rental Stipulation and must cure such default before he can assume the Rental Stipulation and continue leasing the Real Property.

34.    Cure of the Debtor's default includes payment in full of the Arrears, the Barnard Claim, and the Post-Petition Rent.

35.    Movants are authorized to recover the Barnard Claim on behalf of the Chapter 7 Trustee.

36.    Additionally, if the Rental Stipulation is assumed, the Debtor must also pay the Post-Petition Rent is an administrative claim pursuant to Bankruptcy Code §503(b)(7).

## NOTICE

37.    The Movants have served the Notice of this Motion, the Motion with all exhibits, upon: (1) the Debtor and her counsel; (2) the Chapter 13 Trustee; and (3) the Office of the United States Trustee. The Movants submit that further notice is neither required nor necessary.

38.    No previous application for the relief requested herein has been made to this or any other Court.

**WHEREFORE,** the Movants respectfully request the Court enter an order terminating the automatic stay in order to commence or continue an action to evict the Debtor, or, alternatively, compel confirmation of plan curing all arrears owed to the Movants by or before July 2016, and granting such other and further relief as the Court deems just and proper.

Dated: October 15, 2015
      Melville, NY

                                           **MACCO & STERN, LLP**
                                           Attorneys for the Movants

By:           _____
                               Michael J. Macco
                               A Member of the Firm
                               135 Pinelawn Road, Suite 120 South
                               Melville, New York 11747
                               (631) 549-7900

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
--------------------------------------------------------------------x

WILLIAM KROLEWICZ,                                         Index No. 13466-2013

                        Plaintiff,        STIPULATION
      -against-                                    OF SETTLEMENT

JERRY M. MIMS, ANNETTE MIMS, TAYLOR MIMS,
ASHLY MIMS, IAN MIMS, and MARISA R. BAKDEO,

                       Defendants.
--------------------------------------------------------------------x

      October AGREEMENT made and entered into at Suffolk County, New York on the 2nd
day of ~~September~~, 2014 by and between Plaintiff, WILLIAM KROLEWICZ, and Defendants,
JERRY M. MIMS, ANNETTE MIMS, TAYLOR MIMS, ASHLY MIMS, IAN MIMS, and
MARISA R. BAKDEO.


                    W I T N E S S E T H:


      WHEREAS, Plaintiff is the owner of record of certain real property known as and
located at 130 Barton Avenue, Patchogue, New York 11772 ("the premises"); and

      WHEREAS, Defendants have occupied the premises since in or about January
2009; and

      WHEREAS, one or more of Defendants have claimed an ownership interest in the
premises pursuant to an unrecorded deed; and

      WHEREAS, Plaintiff commenced the within action to recover possession of the
premises and to adjudge that Defendants have no ownership interest in the premises; and

1

WHEREAS, Defendants, JERRY M. MIMS and ANNETTE MIMS, have appeared in this action by counsel and answered the complaint; and

WHEREAS, Defendants, TAYLOR MIMS, ASHLY MIMS, IAN MIMS, and MARISA R. BAKDEO, have not appeared in this action and are in default; and

WHEREAS, a stipulation of settlement was placed on the record on June 11, 2014 at the examination before trial of Defendant, JERRY M. MIMS; and

WHEREAS, the parties desire and intend to replace the stipulation of settlement that was placed on the record with this settlement agreement and to settle this action on the terms and provisions set forth herein; and

WHEREAS, the parties fully understand all of the provisions of this agreement, and believe them to be fair, just, adequate and reasonable, and all of the provisions of the agreement are for each of their best interests and have been mutually agreed upon without coercion, duress or undue influence on the part of any against the other; and

WHEREAS, the parties fully understand and intend that this agreement be binding in all respects,

WHEREAS, this agreement shall effect a final, complete and irrevocable settlement.

NOW, THEREFORE, in consideration of the mutual promises and undertakings contained in this agreement and to accomplish the ends sought, both parties do freely and voluntarily agree as follows:

1.    Subject to the terms and conditions of this agreement, Defendants waive any and all claims in and to the premises and Defendants acknowledge that they do not have any

2



ownership interest in the premises.

2.    Provided Defendants comply with this agreement, Defendants may occupy the premises from the date of this agreement up through and including July 31, 2016.

3.    Defendants shall vacate the premises by no later than July 31, 2016.

4.    Commencing on October 1, 2014 and continuing on the first day of each month thereafter that Defendants occupy the premises up through and including July 1, 2016, Defendants shall pay to Plaintiff the sum of $2,750.00. All payments to be made by Defendants shall be made on or before the date they are due, time being of the essence, and Defendants shall *pursuant to the Schedule A annexed hereto and made a part hereof* deposit all payments in a bank account to be opened by Plaintiff for this purpose, to wit:

Bank: TD BANK _____ Account number: 43066 236 _____. In the event that Defendants fail to vacate the premises by July 31, 2016, Defendants shall be liable for the sum of $1,000.00 per day for each day or any part of a day that any one of them remain in possession of the premises.

5.    Defendants shall leave the premises vacant and broom clean.

6.    Defendants shall have the right to quiet enjoyment of the premises without interference from Plaintiff or his agents during the term of this agreement.

7.    Defendants consent to the immediate entry of a judgment of possession and the immediate issuance of a warrant of eviction as security for the performance of their obligations hereunder. In the event of a breach by Defendants of this agreement and after 15 days written *cure to* notice to Defendants by certified mail, return receipt requested, Plaintiff shall have the right to have the Sheriff of Suffolk County immediately execute on the warrant of eviction. Defendants waive notice of settlement of the judgment of possession and warrant of eviction and Defendants

3

hereby consent to the immediate entry of same without further notice.

8.　　No party shall disparage any other party herein through any means whatsoever including, but not limited to, Facebook, Twitter or any other social media outlet.

9.　　Notwithstanding anything herein to the contrary, Defendants' possession of the premises shall not be deemed or construed in any way ~~to create a landlord-tenant relationship between the parties or~~ to create or grant any claim of title to Defendants. During the term of this agreement, Defendants shall only have the right to possess and occupy the premises as expressly and specifically set forth herein and subject to Defendants' compliance with the within agreent.

10.　　Defendants shall indemnify and hold Plaintiff harmless from any and all liability related to the premises. ~~Defendants shall obtain and maintain hazard and liability insurance policies covering the premises that are acceptable to Plaintiff and Plaintiff's attorney at Defendants' own cost and expense.~~

11.　　While in possession of the premises, Defendants shall, at Defendants' own cost and expense, maintain and keep the premises in clean and good condition including, but not limited to, normal yard maintenance, *it being understood and agreed that* *

12.　　While in possession of the premises, Defendants shall, at Defendants' own cost and expense, pay any and all utilities and all other costs, expenses and/or charges associated with Defendants' occupancy of the premises.

13.　　Defendants shall not allow any other persons to occupy the premises.

14.　　Defendants represent and warrant that they have not caused any lien or encumbrance to be placed on the premises and there are no liens against Defendants that encumber the premises.

* ~~that~~ Defendants shall be responsible for and make, at their own cost and expense, any and all repairs whatsoever to the premises.

15. Each party shall be responsible for their own counsel fees in connection with this proceeding.

16. This agreement fully and completely settles the litigation that is currently pending between the parties in this action.

17. The parties represent to each other that Plaintiff has been represented by Frank J. Romano, Esq. of F. J. Romano & Associates, P.C., 51 East Main Street, Smithtown, New York 11787 and Defendants have been represented by J. Stewart Moore, Esq. of the Law Offices of J. Stewart Moore, P.C., 320 Carleton Ave, Suite 3300, Central Islip, New York 11722 in connection with the within action and this settlement agreement. ✳

18. In the event of a breach of the provisions of this agreement, the prevailing party shall be entitled to reimbursement of any and all expenses incurred to enforce the provisions hereof including, but not limited to, reasonable attorney's fees. It is the intent and desire of the parties that any Court that hears an application for reimbursement under this provision shall (1) make a determination that one of the parties hereto is a "prevailing party" and (2) grant an award of expenses and counsel fees to that party. For the purposes of this provision, the term "prevailing party" shall be defined as the party who most nearly prevails as determined by a Court of competent jurisdiction. It is the further intent of the parties that a determination of an application for reimbursement of expenses under this provision be made without regard to the finances of either party or the need of the party seeking said expenses and that said expenses shall be awarded upon a finding by a Court of competent jurisdiction that a party has prevailed. For the purposes of this agreement, it is understood and agreed that the reimbursement of expenses sought under the provisions of this paragraph shall be awarded in favor of the

✳ Plaintiff shall use his best efforts to defend any foreclosure actions that are either pending now or may be commenced at any time in the future and during the ~~term~~ of this agreement, Plaintiff shall keep Defendant apprised of any developments with respect to those foreclosure actions.

prevailing party even though the default or non-compliance has been cured prior to the entry of a Judgment or Order so long as the prevailing party has taken any enforcement effort prior to the time the default or non-compliance has been cured.  Before a party may be charged with liability hereunder, his or her default must continue for at least 15 days after written notice by certified mail, return receipt requested, to the defaulting party's last known address.

19.    General Provisions:

    a)    <u>DOCUMENTS</u>:    Each of the parties hereto, without cost to the other, shall promptly at any time and from time to time, hereafter execute and deliver any and all further instruments and assurances and perform any acts that the other party may reasonably request for the purpose of giving full force and effect to the provisions of this agreement.

    b)    <u>VOLUNTARY EXECUTION</u>:    The parties acknowledge that they have read this Agreement prior to the signing thereof and are entering into this agreement freely and voluntarily; that they have sought and obtained legal advice regarding the execution of this agreement; that all of the provisions hereof, as well as questions pertaining thereto, have been fully and satisfactorily explained to them; that they have given due consideration to such provisions and questions, and that they clearly understand and assent to all provisions thereof and that same are fair, equitable, reasonable and satisfactory and not having been agreed to as a result of fraud, duress or undue influence by or upon either party.

    c)    <u>REPRESENTATIONS</u>:    No representations or warranties have been made by either party to the other, or by anyone else, except as expressly set forth in this agreement, and this agreement is not being executed in reliance upon any representation or warranty not expressly set forth herein.

6



d)   MODIFICATION:   No modification, rescissions or amendment to this agreement shall be effective unless in writing and signed by the parties hereto.

e)   ENTIRE AGREEMENT:   This agreement and its provisions merge any prior agreements, if any, of the parties and is the complete and entire agreement of the parties.

f)   CONSTRUCTION:   This agreement and all questions arising directly or indirectly in connection with its negotiation, preparation, revision, execution and delivery, performance or breach shall be governed by the laws of the State of New York.

g)   WAIVER:   Any waiver by either party of any provision of this agreement, or of any right hereunder, shall not be deemed a continuing waiver and shall not prevent or estop such party from thereafter enforcing such provision or right, and the failure of either party to insist in any one or more instances upon the strict performance of any of the terms or provisions of this agreement by the other party shall not be construed as a waiver or relinquishment for the future of any such terms or provisions, but the same shall continue in full force and effect.

h)   DEATH AND PARTIES' REPRESENTATIVES:   This agreement and all the obligations and covenants hereunder shall bind and inure to the benefit of the parties hereto, their heirs, executors, administrators, legal representatives and assigns.

i)   SEVERABILITY:   Each of the respective rights and obligations of the parties hereunder shall be deemed independent and may be enforced independently irrespective of any of the other rights and obligations set forth herein. In the event that any term, provision, paragraph or article of this agreement is or is declared illegal, void or unenforceable,

7

same shall not affect or impair the other terms, provisions, paragraphs or articles of this agreement. The doctrine of severability shall be applied. The parties do not intend by this statement to imply the illegality, voidness or unenforceability of any term, provision, paragraph or article of this agreement.

         j)     <u>HEADINGS</u>:  The titles and paragraph headings herein are for convenience only and shall not be construed to limit or affect any provision of this Agreement.

         k)     <u>RECITALS</u>:   The parties do hereby adopt as part of this agreement each of the recitals contained in the preamble to this agreement and agree that same shall be binding upon the parties hereto by way of contract and not merely by way of recital or inducement; and that such clauses are hereby confirmed and ratified by each party as being true and accurate.

         l)     <u>DRAFTING</u>:  This agreement is the product of the negotiations between the parties, each of whom has had equal input in to the language hereof.  No inference shall be drawn in favor of or against any party based upon the fact that any draft of this agreement, including the final draft as signed, was prepared in the office of either attorney.

         m)     <u>ASSIGNMENT</u>:  This agreement cannot be assigned.

IN WITNESS WHEREOF, the parties hereto have hereunto set their respective hands and seals the day and year first above written.

WILLIAM KROLEWICZ

JERRY M. MIMS

ANNETTE MIMS

STATE OF NEW YORK)
COUNTY OF SUFFOLK)        ss.:

On the 2nd day of ~~September~~ October in the year 2014 before me, the undersigned, personally appeared WILLIAM KROLEWICZ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

J. STEWART MOORE
Notary Public, State of New York
No. 02MO6053812
Qualified in Suffolk County
Commission Expires Jan. 16, 20__

March 13, 2015

STATE OF NEW YORK)
COUNTY OF SUFFOLK)        ss.:

On the 2nd day of ~~September~~ October in the year 2014 before me, the undersigned, personally appeared JERRY M. MIMS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

J. STEWART MOORE
Notary Public, State of New York
No. 02MO6053812
Qualified in Suffolk County
Commission Expires Jan. 16, 20__

March 13, 2015

STATE OF NEW YORK)
COUNTY OF SUFFOLK)        ss.:

On the 2nd day of ~~September~~ October in the year 2014 before me, the undersigned, personally appeared ANNETTE MIMS personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

J. STEWART MOORE
Notary Public, State of New York
No. 02MO6053812
Qualified in Suffolk County
Commission Expires Jan. 16, 20__

March 13, 2015

Schedule A                    Krolewicz v. Mims.

Continued –

4.    Defendants shall make payments as follows:

$2,750.00 on or before Tuesday, October 7, 2014
and then $1,375.00 on or before the
following dates:

Nov 7, 2014
Nov 21, 2014
Dec 5, 2014
Dec 19, 2014
Jan 2, 2015
Jan 16, 2015
Feb. 13, 2015
Feb. 27, 2015
Mar 13, 2015
Mar 27, 2015
April 10, 2015
April 24, 2015
May 8, 2015
May 22, 2015
June 5, 2015
June 19, 2015

x _____

x _____

X _____

Schedule  A. Continued.

Kolemcz v. Mims

July   3  2015
July  17  2015
Aug  14  2015
Aug  28  2015
Sept  11  2015.
Sept  25  2015.
Oct   9  2015
Oct  23  2015
Nov.  6  2015
Nov.  20  2015
Dec.  4  2015
Dec.  18  2015
Jan  1  2016.
Jan  15  2016
Feb.  12  2016.
Feb.  26  2016
Mar  11  2016.
Mar.  25  2016.
April  8  2016
April  22  2016.
May  6  2016.
May  20  2016.
June  3  2016.
June  17  2016.

→ July  1, 2016.
  July  15, 2016.

X _____

X _____

X _____

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:

Chapter 7

WILLIAM KROLEWICZ &
DALIA KROLEWICZ

Case No.: 815-70596 reg

Debtors.
-------------------------------------------------------x

STIPULATION OF SETTLEMENT BETWEEN THE DEBTORS
AND THE TRUSTEE CONCERNING THE TURNOVER OF PROPERTY OF THE ESTATE

WHEREAS, the Debtors filed a voluntary Petition pursuant to Chapter 7 of the Bankruptcy
Code on 02/17/15; and

WHEREAS, R. Kenneth Barnard was appointed Chapter 7 Trustee and has qualified and is
acting in that capacity; and

WHEREAS, the Debtors own the property known as 130 Barton Avenue, Patchogue, NY
(the "Real Property") ; and

WHEREAS, the Real Property is presently rented to Jerry Mims for the sum $2,750 per
month (the "Rental Income"); and

WHEREAS, the Debtor has asserted an exemption with respect to the Rental Income of
$22,068.70; and

WHEREAS, in order to allow for the expeditious administration and conclusion of the
Estate by the Trustee, the Debtors have agreed to allow the estate to collect the first 3 months
of the Rental Income, and to waive their exemption in and to such funds, provided that the
Estate shall thereafter abandon any other or further interest in and to the Rental Income.

IT IS THEREFORE STIPULATED AND AGREED by and between the parties as follows:

1.    That the Rental Income for the Real Property for the months of April, May and June 2015
      shall be property of the estate (the "Settlement Sum"), and shall be turned over to the
      Trustee. Any rent due for the month of March 2015, as well as any rent due for the
      month July 2015, and any month thereafter, shall be paid directly to the Debtors. Any
      party that shall come into possession of any part of the Settlement Sum shall be deemed
      to hold them in trust for the benefit of the estate and the Trustee. The Debtors will use

their best efforts to assist the Trustee to receive payment of the Settlement Sum.

2. All monies collected from the Tenant shall be applied first to the Settlement Sum.

3. The Debtors waive and withdraw any right to receive a distribution of any part of the Settlement Sum, as or on account of any claimed exemption, and otherwise waive any exemption in and to any part of the Settlement Sum, or to receive any distribution from the estate whatsoever.

4. Upon the entry of an order approving the terms of this stipulation, and full receipt of the Settlement Sum, the estates interest in all future Rental Income shall be deemed abandoned.

5. Acceptance of any partial payment hereunder, shall not be deemed a waiver of any default.

6. Any notice to be given to the Debtors hereunder, shall be deemed sufficient if sent by regular mail, addressed to: William Krolewicz Dalia Krolewicz 150 Barton Avenue, Patchogue, NY 11772

7. The parties hereto release, discharge, and waive any and all claims against Estate and the Trustee, and their respective agents, attorneys, employees, as well as any and all claims, proofs of claim, claims for relief, demands, costs, expenses, damages, liabilities, and obligations of any nature.

8. This Agreement may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document.

9. Facsimile signatures and signatures in portable document format (.pdf) are deemed originals for the purposes of this Agreement.

10. The persons executing this Agreement warrant and represent that he is authorized and empowered to execute and deliver this Agreement on behalf of such party.

11. This Agreement may not be altered, modified, or changed unless in writing, signed by the Parties (or their counsel), and subject to appropriate order of the Bankruptcy Court.

12. The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Agreement including, but not limited to, its enforcement, and the implementation and interpretation of its terms and conditions.

13. This Agreement shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable without regard to any conflicts of law principles.

14.     This Agreement shall not be construed against the party preparing it, but shall be construed as if every party jointly prepared it and any uncertainty or ambiguity shall not be interpreted against any party.

Dated: May 5th, 2014

WILLIAM KROLEWICZ, Debtor

DALIA KROLEWICZ, Debtor

MICHAEL J MACCO, ESQ
Attorney for the Debtor

By: _____

R. KENNETH BARNARD, ESQ.
Chapter 7 Trustee

By: _____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                                          Case No. 15-73752 (AST)

JERRY MARVIN MIMS,                                              Chapter 13

                            Debtor.
------------------------------------------------------------X

**AFFIDAVIT IN SUPPORT OF MOTION**
**FOR RELIEF FROM THE AUTOMATIC STAY**

STATE OF NEW YORK      )
                       ) s.s.:
COUNTY OF SUFFOLK      )

**WILLIAM KROLEWICZ,** being duly sworn, deposes and says:

1.      I am the owner of the real property located at, and known as 130 Barton Avenue,
Patchogue, NY (the "Real Property"), and, in such capacity, act as the landlord of Jerry Marvin
Mims (the "Debtor"), the above-referenced debtor.  As such, I am fully aware of the facts and
circumstances surrounding this matter.

2.      I submit this affidavit in support of the motion (the "Motion") seeking to
terminate the automatic stay in order to commence or continue an action to the Debtor, or,
alternatively, compel confirmation of plan curing all arrears owed to the Movants by or before
July 2016.

3.      I have read the Motion and application prepared by our attorneys, Macco & Stern,
LLP, and reallege and reassert all allegations contained therein, and verify the truthfulness of the
facts recited therein.

4.    I respectfully request that the Court grant the Motion.

WILLIAM KROLEWICZ

Sworn to before me this
15th day of October 2015

NOTARY PUBLIC

MELISSA MASER
Notary Public - State of New York
NO. 01MA6251637
Qualified in Suffolk County
My Commission Expires Nov 14, 2015

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

In re:                                                                                    Case No. 15-73752 (AST)

JERRY MARVIN MIMS,                                                       Chapter 13

                                          Debtor.

------------------------------------------------------------------X

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of William Krolewicz and Dalia Krolewicz (collectively, the "Movants"), by and through their counsel, Macco & Stern, LLP, for an order to commence or continue an action to evict Jerry Marvin Mims (the "Debtor"), the above-referenced debtor, or, alternatively, compel confirmation of plan curing all arrears owed to the Movants by or before July 2016; and additional service being neither necessary nor required; and no objections to the relief requested in the Motion or this Order being filed nor received; and the hearing held on the Motion, the transcript of which is incorporated herein by reference; and good and sufficient cause appearing; and it being in the best interests of the Debtor's creditors and estate; it is hereby

**ORDERED**, that the Motion is granted; and it is further

**ORDERED**, that automatic stay is terminated in order for the Movants to continue the action pending before the Supreme Court of the State of New York, County of Suffolk, assigned index number 13466/2013, or, alternatively, commence a new action to evict the Debtor from, and regain possession of, the real property located at, and known as, 130 Barton Avenue, Patchogue, NY; and it is further

**ORDERED**, that the Debtor shall pay Movantsall rental payments due after September 1, 2015, the Petition Date, as an administrative expense.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

In re:                                                                          Case No. 15-73752 (AST)

JERRY MARVIN MIMS,                                              Chapter 13

                                    Debtor.
-------------------------------------------------------------- X

## AFFIDAVIT OF SERVICE.

STATE OF NEW YORK  )
COUNTY OF SUFFOLK )ss:

      Carol Smith, being duly sworn deposes that deponent is not a party to the above-captioned action, is over the age of 18 years and resides at West Islip, New York.

      On October 19, 2015, deponent served the within NOTICE OF HEARING FOR RELIEF FROM THE AUTOMATIC STAY WITH EXHIBITS upon the following parties, at the addresses designated by said parties for that purpose, by depositing a true copy of the same, enclosed in a post-paid properly addressed wrapper in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York:

Office of the U.S. Trustee
Long Island Federal Courthouse
560 Federal Plaza
Central Islip, NY  11722

Marianne DeRosa, Esq.
Standing Chapter 13 Trustee
115 Eileen Way, Suite 105
Syosset, NY  11791

Mr. Jerry Marvin Mims
130 Barton Avenue
Patchotue, NY  11772

R. Kenneth Barnard, Esq.
Chapter 7 Trustee
3305 Jerusalem Avenue, Suite 215
Wantagh, NY  11793

Carol Smith

Sworn to before me this
19th day of October, 2015.

*/s/ Janine M. Zarrilli*
Janine M. Zarrilli
Notary Public, State of New York
No. 01ZA5084708
Qualified in Nassau County
Commission Expires September 8, 2017